RONALD GENE BRASWELL AND TINY L. BRASWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Braswell v. Commissioner
Docket No. 4698-80.
United States Tax Court
T.C. Memo 1981-502; 1981 Tax Ct. Memo LEXIS 237; 42 T.C.M. (CCH) 1053; T.C.M. (RIA) 81502; September 14, 1981. *237 Petitioner was covered by his employer's group insurance plan. The plan covered only six out of eight employees. Petitioner set the insurance coverage brackets. Held, petitioner has not proved that the plan covered all full-time, eligible employees or that the insurer set the coverage brackets, as required by sec. 1.79-1(b)(1)(iii)(d), Income Tax Regs. Accordingly, the amounts of insurance premiums paid by petitioner's employer are includable in income in the year paid. Ronald Gene Braswell, pro se. Edwina L. Wilson, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By statutory notice dated January 9, 1980, respondent determined deficiencies in petitioners' Federal income taxes of $ 1,542.60 and $ 2,534.98 for their taxable years ended December 31, 1976 and *238 December 31, 1977, respectively. After concessions, the sole issue for our decision is whether the amounts of insurance premiums paid by petitioner Ronald Gene Braswell's employer are includable in income pursuant to section 79, I.R.C. 1954, and the regulations promulgated thereunder. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioners Ronald Gene Braswell and Tiny L. Braswell, husband and wife, resided in Goldsboro, North Carolina at the time of the filing of the petition herein. They filed joint Federal income tax returns for the calendar years 1976 and 1977 with the Internal Revenue Service Center at Memphis, Tennessee. Petitioner Tiny L. Braswell is a party herein solely by virtue of having filed joint returns with Ronald Gene Braswell (hereinafter petitioner). Petitioner is an employee and officer of Barnes, Braswell and Haithcock, P.A. (hereinafter employer), of which he owns 36 percent of the outstanding stock. The employer adopted a plan of insurance entitled "Western Reserve Life 79 Plan" on July 1, 1976, the beginning *239 of its 1976 fiscal year. Under the plan an eligible employee was defined as an employee: (1) whose customary employment was at least 20 hours per week and 5 months per calendar year and (2) who had completed 6 months of service. The plan also required each eligible employee to submit to a medical examination if so requested by Western Reserve Life Assurance Co. of Ohio (the insurance company) for purposes of determining such employee's eligibility for standard or special class additional premium rates. The plan stated that an eligible employee would be covered by an individual life insurance policy with a 5-year term plus permanent life insurance (i.e., a whole-life policy). However, the employee assumed the premium cost for any permanent benefits under the policy. Pursuant to the instructions of petitioner and other officer-employees of the employer, the plan provided the following insurance coverage for the classes of employees specified: Class of
Amount of
employee
insurance
Secretary-treasurer
$ 150,000
President
100,000
Vice-president
100,000
Attorneys
40,000
All others
16,000
The plan covered six of the employer's eight employees. With *240 respect to petitioner, the insurance policy on his life was a nonparticipating whole-life policy issued on July 1, 1976 in the amount of $ 150,000. Petitioner's wife was the owner and beneficiary of the policy. Petitioner was required by the insurance company to submit to a medical examination in order to determine the annual policy premium. The annual premium amounted to $ 2,520. In accordance with the plan, the policy provided for the allocation to petitioner of the premium cost relating to the policy's permanent insurance component. [1]
*241 The employer paid insurance premiums in the amount of $ 873.56 and $ 2,620.88 in calendar years 1976 and 1977, respectively, for the insurance policy on petitioner's life. In his notice of deficiency, respondent determined that these premium payments constituted additional compensation to petitioner in the year such premiums were paid. OPINION The sole question under consideration is whether the amounts of insurance premium payments made by petitioner's employer are includable in his income for the taxable years 1976 and 1977. The resolution of this question turns on whether the employer's plan of insurance satisfied the requirements of section 79 and the application regulations. Section 79 allows an employee, in certain circumstances, to exclude from gross income the cost of up to $ 50,000 of group term life insurance benefits purchased by his employer. Respondent focuses on the regulations promulgated under this section and contends that the group insurance plan in question does not comport with the requirements of section 1.79-1(b)(1), Income Tax Regs.[2] The thrust of respondent's argument is that the policy at issue was, in reality, a whole-life policy and consequently *242 the concomitant premiums are not excludable from income. In order to be eligible for the favored treatment under section 79, a plan of group insurance must be based upon a formula which precludes individual selection of amounts of insurance protection. Sec. 1.79-1(b)(1)(iii)(c), Income Tax Regs. In order to preclude individual selection the regulations basically provide three preconditions for the qualification of plans covering less than 10 fulltime employees: (1) the plan must provide protection for all fulltime employees except those employees who opt out and those employees who work full time after they reach age 65; (2) the plan must provide insurance coverage either as a uniform percentage of salary or within brackets established by the insurer under which (a) no bracket exceeds 2-1/2 times the coverage of the next lowest bracket and (b) the lowest bracket has coverage equal to at least 10 percent of the highest bracket; and (3) the plan may consider evidence of insurability *243 in determining eligibility for insurance or the amount of insurance solely on the basis of a medical questionaire as distinguished from a physical examination. Sec. 1.79-1(b)(1)(iii)(d), Income Tax Regs. Respondent argues that petitioner has not proved that the group insurance plan satisfied any of these three preconditions. Since petitioner has not proved that his employer's plan qualified under section 79 and the applicable regulations, respondent concludes that his determination must be sustained. Petitioner's argument on brief is limited to his alleged satisfaction of the third precondition. For reasons unbeknownst to the Court he ignores respondent's other assignments of error. Petitioner has the burden of establishing that the plan meets each of the requirements of section 79 and the regulations promulgated thereunder. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). In the instant case, petitioner failed to prove that the subject plan covered all fulltime employees. The evidence shows that the plan covered six of the eight corporate employees. The record is unclear with respect to the reasons why *244 two employees were excluded from plan coverage. Although the employer's insurance agent testified on petitioner's behalf that all eligible employees were covered, his testimony was conclusory and not specific with respect to the basis for exclusion of some employees. Accordingly, we hold that petitioner has not proved that he has met the first precondition for plan qualification under the regulations. Sec. 1.79-1(b)(1)(iii)(d)(1), Income Tax Regs. Petitioner fares no better in his effort to satisfy either of the alternatives under the second precondition. First, petitioner failed to offer any evidence to show that the insurance coverage was based on a uniform percentage of salary. Second, the insurance agent testified that the insurance coverage brackets were established pursuant to the direction of petitioner and other corporate officers. Thus, the coverage brackets were not established by the insurer as required by section 1.79-1(b)(1)(iii)(d)(2), Income Tax Regs., but arose primarily out of petitioner's individual selection. Accordingly, petitioner has failed to prove that the subject plan met the second precondition for qualification. Petitioner presents *245 a rather sophistic argument with respect to the third condition, contending that the regulatory language prohibiting a physical examination relates only to a determination of the amount of premium due as contrasted with a determination of the eligibility for coverage. We believe that petitioner misreads his own insurance contract, but we need not consider the point since the plan's failure to comply with the first two conditions has already disqualified the plan from section 79 benefits. It follows that we also need not comment on respondent's additional arguments that a whole-life policy is at issue although we sense considerable merit to his position. Due to concessions, Decision will be entered under Rule 155. Footnotes
1. Features of the permanent insurance component included cash surrender value and policy loan privileges. The policy contained a premium allocation table which provided, in pertinent part, as follows: TABLE OF ALLOCATION OF PREMIUMS AND AMOUNTS OF INSURANCE ↩
Portion of Annual
Amount of Insurance
Policy
Premium allocated to:
Purchased by Premium of: Year
Insured
Employer
Insured
Employer 1
$ 10.00
$ 2,510.00
$ 150,000.00 2
10.00
2,510.00
150,000.00 3
1,774.50
745.50
$ 1,881.00
148,119.00 4
2,047.50
472.50
4,164.00
145,836.00 5
1,960.50
559.50
6,492.00
143,508.00
20
402.00
2,118.00
48,798.00
101,202.00
2. The regulations under sec. 79 were revised as of Apr. 1, 1979. However, these revisions are not applicable to the instant case. See sec. 1.79-1(g)(1), Income Tax Regs.↩ (revised regulations).